**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacquelyn Abril, | No. CV-26-05095-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendant. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denies.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff alleges that her average monthly income for the past 12 months included $1,700 in income from side jobs, $5,000 in gifts, and $8,000 in unemployment payments, which totals $14,700 per month, or $176,400 for the year. (Doc. 2.) Plaintiff alleges that she has $540 in cash and accounts but does not explain how she spent the money she

received over the past year—her monthly expenses of $1050 add up to $12,600 for the year, which should have left a surplus of $163,800. The affidavit also fails to explain why Plaintiff is no longer able to bring in $1,700 from side jobs. Thus, Plaintiff's application is denied. "The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life." *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

Plaintiff also seeks appointment of counsel. There is no constitutional right to the appointment of counsel in a civil case. *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

Plaintiff is not proceeding in forma pauperis, and at any rate, exceptional circumstances are not present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* litigants. Additionally, the legal issues involved in this case are not unusually complex.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **August 14, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice,

- 2 -

shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **August 14, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **denied**.

Dated this 24th day of July, 2026.

Dominic W. Lanza
United States District Judge